FILED'06 MAR 23 14:32USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEILSON CRAIG CONOVER,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET YELLOW-PAGES and<br>BEAVERTON PUBLIC LIBRARY<br>Defendants. | CV. 06-393-PK<br><br>FINDINGS AND<br>RECOMMENDATION |

PAPAK, Magistrate Judge:

Plaintiff Nelson Conover brings this action against Internet Yellow Pages and the Beaverton Public Library. He moves to proceed *in forma pauperis* (No. 1).

## LEGAL STANDARD

The court is authorized to dismiss an *in forma pauperis* complaint before service of process if the court determines that

Page 1 - FINDINGS AND RECOMMENDATION

      (A)    the allegation of poverty is untrue; or
      (B)    the action or appeal--
           (I)    is frivolous or malicious;
           (ii)    fails to state a claim on which relief may be granted; or
           (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When applied to a complaint, the term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(d) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327-28.

Because this case involves a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

## ANALYSIS

Conover alleges that defendants Internet Yellow Pages and Beaverton Public Library, including all "officers, advertisers, members, businesses, owners of businesses, employers, employees, churches, non-profit organizations, fraternal organizations, civil servants and individual citizens," are involved in a conspiracy to stalk Conover "via cell phone, telephone, computer, email and physical activity." Conover alleges that the various defendants seek to discredit Conover in the eyes of the various courts in which Conover has filed actions. Conover seeks $100 million from each entity involved in directing the conspiracy, $5 million from each

individual involved in directing the conspiracy, $10 million from each entity participating in the conspiracy, and $1 million from each individual participating in the conspiracy. Conover also seeks various orders from the court including orders instructing the United States Intelligence to investigate Conover's allegations and report to the court, and instructing the Federal Bureau of Investigation not to utilize Conover as an operative unless consented to in writing by Conover.

While the motion to proceed *in forma pauperis* has been pending, Conover has filed two motions to add defendants and demands. Conover seeks to add the Multnomah County Library, the Boeing Charitable Trust, the Oregon Worksource Employment Department as defendants based on the same conspiracy theory.

The facts alleged are irrational and incredible. I am unable to discern from the facts alleged any basis for subject matter jurisdiction in this court, or any claim having an arguable basis in law or fact. I find that the action is frivolous. I recommend that the motion to proceed *in forma pauperis* be granted, but that the action be dismissed with prejudice and that all pending motions be denied as moot.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 3 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* should be GRANTED, but Plaintiff's complaint should be DISMISSED and all pending motions should be DENIED AS MOOT. A judgment should be prepared dismissing the action with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due April 6, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 23rd day of March, 2006.

/s/ Paul Papak

Honorable Paul Papak
U.S. Magistrate Judge